UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT J. KNOTT,

       Plaintiff,

-v.-                                                      1:11-cv-01201  NPM

MICHAEL ASTRUE,
Commissioner of Social Security,

       Defendant.

-------------------------------------------------------------------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Office of Peter M. Margolius<br>Attorney for Plaintiff<br>7 Howard Street<br>Catskill, N.Y. 12414 | Peter M. Margolius, Esq. |
| Social Security Administration<br>Attorneys for Defendant<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, NY 10278 | Karen T. Callahan, Esq. |

NEAL P. McCURN, Senior District Court Judge

**MEMORANDUM - DECISION AND ORDER**

This action was filed by plaintiff Robert Knott ("plaintiff") pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner ("the Commissioner") of the Social Security Administration ("SSA"), who denied his application for disability insurance benefits ("DIB"). Currently before the court is plaintiff's motion for judgment on the pleadings (Doc. No. ), seeking an order of remand for further administrative proceedings. Specifically, plaintiff states that the Appeals Council erred in not sending this case back to the Administrative Law Judge ("the ALJ") to consider the "new and material" evidence submitted. Doc. No. 11, p. 3. Also before the court is the Commissioner's motion for judgment on the pleadings (Doc. No. 15) seeking affirmation of the Commissioner's findings. For the reasons set forth below, the Commissioner's motion is granted, and plaintiff's motion is denied.

**I.      Procedural History and Facts**

Plaintiff did not submit a comprehensive recitation of the procedural history and the facts of the case. Accordingly, the Commissioner provides the procedural history, adopts the ALJ's July 23, 2010 decision as his statement of the facts, and provides the new, allegedly material facts submitted by the plaintiff.

     A.      Procedural History

Plaintiff applied for SSI on September 18, 2008 (Tr. 103–06), claiming the

following impairments: affective disorder, attention deficit hyperactivity disorder, post traumatic stress disorder, personality disorder, depression, substance abuse disorder and chronic obstructive pulmonary disease ("COPD"). This claim was initially denied on April 17, 2009 (Tr. 50, 55–60). On May 19, 2009, plaintiff requested a hearing before an ALJ (Tr. 63). Plaintiff appeared with his representative before ALJ John J. Pickett on June 10, 2010 (Tr. 29–49). After considering the evidence, the ALJ issued a decision on July 23, 2010, denying plaintiff's claims (Tr. 12–24). Plaintiff requested review of this decision on August 24, 2010 (Tr. 10). On August 11, 2011, the Appeals Council Case denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for judicial review (Tr. 1–3).

    B. Statement of the Alleged New and Material Facts

On November 22, 2010, plaintiff submitted records dated August 20, 2010 - nearly one month after the ALJ's decision - showing that plaintiff sought treatment at the emergency department of Columbia Memorial Hospital for right hand pain (Tr. 360–64). Plaintiff claimed that, for several months, he had pain in his right hand after painting for four to five hours (Tr. 361). Review of his systems revealed no other complaints (Tr. 351–52). On examination, plaintiff had normal range of motion in all extremities (Tr. 352). His right hand was swollen at the

second and third metacarpal, without tenderness, ecchymosis, erythema, or induration.  He had no pain with passive range of motion of the right second and third digits.  Plaintiff had sensation to light touch in the right hand, and his forearm and wrist were not tender to palpation.  He had no peripheral edema. Id.  X-rays of plaintiff's hand revealed no fracture or dislocation (Tr. 352–53).  Physician's Assistant Jeffrey Wadler diagnosed pain in the right hand and discharged plaintiff with a prescription for Motrin 600 mg (Tr. 352, 353).  Plaintiff followed up with Illya Szilak, D.O. ("Dr. Szilak"), on August 24, 2010, with complaints of locking in his right hand and fingers and numbness in his wrist and arm (Tr. 355).  Plaintiff indicated that he was a house painter. Id.  Physical and neurologic examination yielded normal results. Id.  Dr. Szilak assessed unspecified polyarthropathy or polyarthritis of the hand and unspecified neuralgia, neuritis, and radiculitis (Tr. 356).  Dr. Szilak indicated that arthritis was not clearly delineated on the x-ray and that plaintiff may need magnetic resonance imaging (MRI) of his hand. Id.  He added that numbness was suggestive of radiculopathy. Id.  Robert P. Mantica, M.D. ("Dr. Mantica"), examined plaintiff on September 14, 2010 (Tr. 357–59).  The date of injury was listed as August 14, 2010 (Tr. 357).  Plaintiff claimed to have pain in the right hand, radiating to his right elbow.  Plaintiff claimed that he felt clicking and popping in his right knuckles, and he

stated that his right fingers occasionally "locked up." Plaintiff stated that he was a painter and had been very busy during the spring and summer and that he now had pain in his hand. Plaintiff reported stiffness in flexion; there was no weakness with extension in the radial digits. In addition, plaintiff reported that he was not dropping things. While he had difficulty straightening his fingers, he reported no numbness or tingling. On physical examination, plaintiff was healthy and well developed, with no signs of acute distress. Id.

Examination of his cervical spine showed normal contour and full range of motion without pain (Tr. 358). His wrists exhibited normal alignment with unrestricted range of motion. His right hand had no obvious swelling, and plaintiff was able to flex and extend his fingers with pain. Plaintiff had tenderness over the flexor pulleys of the second and third digits and the thumb. X-rays of plaintiff's cervical spine and right hand were normal except for a lunate–triquetral coalition. Plaintiff had a negative Phalen test and a negative Tinel sign at the wrist.[1] He had good pinch and grip strength, as well as good sensation and intact radial, median, and ulnar nerve function. Plaintiff's shoulders and elbows had no

---

[1] Phalen's test is a test for detection of carpal tunnel syndrome in which the size of the carpal tunnel is reduced by holding the affected hand with the wrist fully flexed or extended for 30 to 60 seconds. Dorland's Illustrated Medical Dictionary, 1094 (30th ed. 2003). Tinel's sign is a tingling sensation in the distal end of a limb when percussion is made over the site of a divided nerve, indicating a partial lesion or the beginning regeneration of the nerve. Id. at 1703.

deformities and had unrestricted range of motion. Dr. Mantica assessed carpal tunnel syndrome, and ordered lidocaine injections for each finger. Dr. Mantica also planned electromyography tests and nerve conduction studies, which were not included in plaintiff's submission to the Appeals Council. Id.

## II.  Discussion

Plaintiff submits that the Appeals Council erred in not sending this case back to the ALJ to consider the "new and material" evidence submitted. The Commissioner argues that the ALJ's decision, finding that plaintiff was not disabled, is supported by substantial evidence and therefore must be affirmed.

### A.  Standard of Review

This court does not review a final decision of the Commissioner de novo, but instead "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (internal citations omitted). See also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004); Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran, 362 F.3d at 31 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)). "An ALJ must set forth the

crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Gravel v. Barnhart, 360 F.Supp.2d 442, 444-45 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)). When reviewing a determination by the Commissioner, a district court, in its discretion, "shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

### B.  Disability Defined

An individual is considered disabled for purposes of his or her eligibility for Social Security Disability if he or she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

The Commissioner may deem an individual applicant for Social Security Disability to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

>education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Social Security Administration regulations set forth a five-step sequential evaluation process, by which the Commissioner is to determine whether an applicant for Social Security Disability is disabled pursuant to the aforementioned statutory definition.  See 20 C.F.R. § 404.1520.  The Second Circuit Court of Appeals summarizes this process as follows:

>The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits [his] capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform [his] past relevant work. Finally, if the claimant is unable to perform [his] past relevant work, the Secretary determines whether the claimant is capable of performing any other work. If the claimant satisfies [his] burden of proving the requirements in the first four steps, the burden then shifts

>to the Secretary to prove in the fifth step that the
>claimant is capable of working.

Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)).

The fifth step "requires the [ALJ] to consider the so-called vocational factors (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy." Quezada v. Barnhart, 2007 WL 1723615 (S.D.N.Y. 2007) (internal quotations omitted).

A person is deemed disabled if he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. Substantial work activity is defined as "work activity that involves doing significant physical or mental activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before."  Gainful work activity is defined as "work activity that you do for pay or profit.  Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(a-b) (West 2009).

**D.     Analysis**

In the case at bar, the court is only tasked with determining if the Appeals Council was in error by not remanding the case to an ALJ based on what plaintiff deemed new and material evidence.  Plaintiff argues that medical evidence submitted after the ALJ's decision dated July 23, 2010 documented plaintiff's "additional impairment of carpal tunnel syndrome."   Plaintiff argues that the evidence is material because although the medical records postdate the ALJ's decision, the emergency room record history predates the ALJ's decision, hence the ALJ "did not have the benefit of this evidence when determining [plaintiff's] impairments." Doc. No. 11, p.3.

The Commissioner argues and the court concurs that substantial evidence supports the ALJ's decision that plaintiff was not disabled between August 27, 2008 and July 23, 2010.  Plaintiff does not dispute this finding, but argues that new evidence supports his request to remand, based on this new evidence that plaintiff had carpal tunnel syndrome during the period under review.

The Commissioner posits that plaintiff's first treatment for arm pain, which he claimed to suffer after painting for four to five hours, was on August 20, 2010, almost a full month after the ALJ's decision.  The Commissioner also points out that plaintiff made no mention of arm pain at his hearing on June 10, 2010, just six

weeks before the ALJ's decision, despite being given an opportunity to discuss any other problems plaintiff might have. The Commissioner states, and the court concurs, that plaintiff's recourse upon developing wrist pain in the weeks following the ALJ's decision would have been to file a new application for benefits, rather than submit evidence regarding a new diagnosis under an already decided claim.  The plaintiff specifically stated that his date of injury for the hand and arm pain was August 14, 2010, and attributed the pain to the fact that he was a painter and had been very busy in the spring and summer. Tr. 367.  The only evidence that his pain had been going on for months is the uncorroborated information plaintiff supplied to Columbia Memorial Hospital on August 20, 2010.  The court notes this information with interest, as it reveals that notwithstanding plaintiff's allegations of pain, his COPD and his mental limitations, he reported that he was busily working as a painter after his alleged onset date of disability.  Accordingly, the court affirms the Commissioner's determination that the new evidence was neither material nor relevant to the case at bar, and the Appeals Council did not err when it failed to remand the case to the ALJ for a new hearing.

### III.  Conclusion

Accordingly, for the reasons set forth above, plaintiff's motion for judgment on the pleadings (Doc. No. 11) is DENIED, and the Commissioner's motion for judgment on the pleadings (Doc. No. 12) is hereby GRANTED.  The Clerk is instructed to close this case.

SO ORDERED.

August 17, 2012

_____
Neal P. McCurn
Senior  U.S. District Judge